IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ITAI AARONSON,

        Plaintiff,

        v.

ORLY AARONSON, et al.,

        Defendants.

No. 1:13-cv-2080-PA

**ORDER**

**PANNER, District Judge:**

    Plaintiff Itai Aaronson seeks to remove a probate matter that is now pending in Jackson County Circuit Court. Plaintiff also moves for a temporary restraining order prohibiting defendant Orly Aaronson from proceeding in the state court probate action.

    This is the second federal action plaintiff has filed seeking to remove the state court probate action to this court. In first federal action, Magistrate Judge Mark D. Clarke granted defendant's motion to remand. Aaronson v. Aaronson, No. 1:13-cv-1959-CL, ECF No. 25 (D. Or. Nov. 18, 2013).

1 - ORDER

I remand this probate action to state court.  I dismiss plaintiff's claims against the state court judge and a state court administrator.  I deny plaintiff's motion for a temporary restraining order.

### DISCUSSION

## I.  Factual and Procedural Background

The following background information is from plaintiff's pleadings and exhibits submitted in this action and the prior federal action.  The probate matter pending in Jackson County Circuit Court concerns a dispute between plaintiff and defendant over the place of burial for their adult son, Omer Aaronson.  Omer Aaronson died on September 30, 2013, while visiting plaintiff, his father, in Oregon.  Omer Aaronson's remains were buried in Oregon.

Plaintiff and defendant are citizens of Israel who have been divorced for many years.  Defendant, the mother of the deceased, is a resident of Israel.  Plaintiff is a permanent resident of the United States.

Shortly after Omer Aaronson's death, defendant obtained a judgment in Israel that requires the exhumation and transportation of Omer Aaronson's remains to Israel for re-burial there.  Defendant then filed the probate action in Jackson County Circuit Court, where she seeks to register the Israeli judgment.  Defendant was named personal representative for the intestate estate of Omer Aaronson.

In the prior federal action brought by plaintiff to remove the probate proceeding to this court, defendant filed a motion to

2 - ORDER

remand.  Magistrate Judge Clarke reviewed the briefs and documents filed by the parties, and heard oral argument on the motion to remand.  Judge Clarke allowed plaintiff to file additional papers because plaintiff stated he had not been given enough time to file a proper response.

On November 18, 2013, Judge Clarke granted defendant's motion to remand.  Judge Clarke issued a judgment accordingly and the Clerk of this Court sent the case file back to the state court.

On November 25, 2013, plaintiff filed the current action and another notice of removal as to the probate matter.  On December 5, 2013, plaintiff filed an amended complaint and a motion for a temporary restraining order.  In the amended complaint, plaintiff brings claims against the state court judge who is presiding over the probate matter, and a state court administrator who is allegedly responsible for training judges.

## II.  Plaintiff's Second Attempt To Remove the Probate Action

Plaintiff argues that in the prior federal action, Judge Clarke improperly ruled on the motion to remand without allowing plaintiff to file objections with a district judge.  If a magistrate judge rules on a pretrial motion that is "dispositive of a claim or defense," and the parties have not consented to a magistrate judge, a district judge must review the magistrate judge's ruling.  Fed. R. Civ. P. 72(b)(1).

The Ninth Circuit has not addressed whether a motion to remand is a dispositive motion.  Judge Garr M. King of this court has ruled that "a motion to remand is a dispositive motion."  Hood

Custom Homes, LLC v. Ill. Nat'l Ins. Co., No. 08-cv-1506-JE, 2009 WL 1531784, at *1 (D. Or. May 26, 2009) (citing William v. Beemiller, 527 F. 3rd 259, 265 (2d Cir. 2008) (agreeing with decisions from the Third, Sixth, and Tenth Circuits that motions to remand are dispositive)); but see, e.g., Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc., 844 F. Supp. 1156, 1161-63 (S.D. Tex. 1994) (motion to remand not dispositive); Lerma v. URS Fed. Support Servs., 2011 WL 2493764 at *3 (E.D. Cal. June 22, 2011) (same).

Here, I assume without deciding that motions to remand are dispositive. I consider plaintiff's first amended complaint in this action to be equivalent to objections to Judge Clarke's prior ruling. Any procedural error in the prior federal action is harmless because I have reviewed de novo the issues raised by plaintiff. I agree with Judge Clarke's well-reasoned order that this probate matter should stay in state court. Plaintiff has not presented any arguments that would justify revisiting the reasoning behind Judge Clarke's decision.

## III. Additional Defendants Named in Plaintiff's Amended Complaint

In his amended complaint, plaintiff names the Honorable Lorenzo A. Mejia, the judge in Jackson County Circuit Court presiding over the probate action. Plaintiff also names a state administrator allegedly responsible for training judges.

Because I conclude that the probate action should be heard in state court, I dismiss plaintiff's new claims without prejudice for lack of subject matter jurisdiction. The state court is

4 - ORDER

competent to hear plaintiff's objections to the probate proceeding.

## III.  Motion for Temporary Restraining Order

Plaintiff's motion for a temporary restraining order must be denied.  Plaintiff has not shown any likelihood of success.

### CONCLUSION

This action is remanded to state court.  Plaintiff's motion for a temporary restraining order (#8) is denied.

IT IS SO ORDERED.


DATED this __11__ day of December, 2013.


OWEN M. PANNER
U.S. DISTRICT JUDGE


5 - ORDER